Edward Bernard SADLER, Appellant,

v.

Daniel John MECK, Sergeant; MS.
Baker–Sullivan, Nurse; Sean Boro-
sky, Correctional Officer; Craig Ed-
ward Greenleaf, Correctional Officer.

No. 04–4105.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Under Third Circuit L.A.R. 27.4 and
I.O.P. 10.6 Feb. 10, 2005.

Decided May 9, 2005.

Edward Bernard Sadler, Labelle, PA,
pro se.

Marsha M. Davis, Pennsylvania Depart-
ment of Corrections, Office of Chief Coun-
sel, Camp Hill, PA, for Daniel John Meck,
Sergeant; MS. Baker–Sullivan, Nurse;
Sean Borosky, Correctional Officer; Craig
Edward Greenleaf, Correctional Officer.

Before ROTH, BARRY and SMITH,
Circuit Judges.

OPINION

PER CURIAM.

On August 5, 2003, Pennsylvania inmate
Edward Sadler filed an action under 42
U.S.C. § 1983 against several correctional
officers and a prison nurse alleging viola-
tions of the First, Eighth, and Fourteenth
Amendments, as well as several state-law
claims. Because Sadler fails to show there
exists a genuine issue of material fact, we
will summarily affirm the District Court's
grant of summary judgment.

Sadler alleges that on July 31, 2001, he
was attacked by Correctional Officer Meck
after requesting to go to the prison law
library. He claims to have suffered seri-
ous injuries from the assault. Prison au-
thorities told a different story, charging
Sadler with misconduct for assaulting Offi-
cer Meck, for which he was found guilty.
Prison disciplinary authorities sentenced
him to ninety days in solitary confinement.
Sadler was subsequently charged by the
Pennsylvania State Police with assault by
a prisoner. He was acquitted of the of-
fense.

Sadler filed two administrative griev-
ances with prison authorities regarding the
incident. The first, numbered 36095–02,
was filed on November 14, 2002. His sec-
ond grievance, numbered 41496–03, was
filed on February 23, 2003. Both griev-
ances were denied as untimely. Sadler
was equally unsuccessful on administrative
appeal. He then filed the current com-
plaint. The Defendants moved to dismiss
the complaint, which the District Court
subsequently treated as a motion for sum-
mary judgment. In a well-reasoned mem-
orandum, the District Court granted the
motion. It then dismissed the complaint
against Nurse Baker–Sullivan for failure
to serve process and the state law claims
for lack of jurisdiction. Sadler filed a no-
tice of appeal.

Our review of a district court's grant of
a motion for summary judgment is plena-
ry. *DeHart v. Horn*, 390 F.3d 262, 267 (3d
Cir.2004). We have carefully reviewed the
record, and for similar reasons as stated in
the District Court's thorough memoran-
dum, find there exists no genuine issue of
material fact. Sadler's Eighth Amend-
ment claim is procedurally defaulted be-

cause he failed to timely bring an administrative grievance. *See Spruill v. Gillis,* 372 F.3d 218, 227–30 (3d Cir.2004). His First Amendment retaliation claim fails to assert a protected activity, *see Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001), and his due process challenge fails to assert either a deprivation of liberty or property, *see Sandin v. Conner,* 515 U.S. 472, 485–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or raise substantive due process concerns, *see Donahue v. Gavin,* 280 F.3d 371, 379–81 (3d Cir.2002). Sadler also brings state law claims, but with no federal question remaining, the District Court is not required to retain supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

For the foregoing reasons, no substantial question is presented. The District Court was correct in finding no genuine issue of material fact exists. Accordingly, the judgment of the District Court will be affirmed.